IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANTHONY RYLEE,**

      Plaintiff,

vs.                                                                        Civ. No. 98-1314 JC/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**

      Defendant.

## **MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

1.    This matter comes before the Court upon Defendant's Motion to Dismiss filed August 23, 1999. Docket No. 22. Defendant argues that Plaintiff's Complaint must be dismissed on the grounds that the Court lacks subject matter jurisdiction. Specifically Defendant asserts that Plaintiff failed to exhaust his administrative remedies. Upon review of the motion, the pleadings and relevant authorities, the Court will recommend that Plaintiff's Complaint be dismissed without prejudice.

2.    The Court's review of cases arising under Titles II and XVI of the Social Security Act limits judicial review to "final

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

decisions." 42 U.S.C. §§405(g) and 405(h). Plaintiff filed his Complaint on October 20, 1998 asserting there has been a "final decision" in this matter. Plaintiff seeks review of an adverse decision, a denial of benefits, by an Administrative Law Judge ("ALJ"). Plaintiff had a hearing before an ALJ on October 30, 1992. On April 12, 1993, the ALJ issued an opinion adverse to the Plaintiff. The Plaintiff appealed to the Appeals Council. The Appeals Council has not issued its decision. There is no "final decision" in this matter.

3. A "final decision" consists of two elements: the presentment of a claim to the Secretary and the exhaustion of administrative remedies. The presentment requirement is jurisdictional and cannot be waived by the Secretary or the courts. The exhaustion requirement is not jurisdictional, and thus, is waivable by either the Secretary or the courts. Mathews v. Eldridge, 424 U.S. 319, 330 (1976).

4. Plaintiff has fulfilled the jurisdictional requirement. The issue is whether this case merits judicial waiver of the non-jurisdictional requirement. The courts apply a three-part test to determine if a case warrants judicial waiver of the exhaustion requirement. A claim must be (1) collateral to a substantive claim of entitlement, (2) colorable in its showing that denial of relief will cause irreparable harm, and (3) one whose resolution would not serve the purposes of exhaustion. Briggs v. Sullivan, 886 F.2d 1132, 1139 (9th Cir. 1989). A Plaintiff's claim is

collateral if it is not essentially a claim for benefits. City of New York, 476 U.S. at 483. In City of New York, Plaintiff challenged a policy that mentally disabled applicants were qualified to do unskilled work. The Supreme Court found that Plaintiffs' claims were collateral because the class members "neither sought nor were awarded benefits in the District Court, but rather challenged the Secretary's failure to follow the applicable regulations." Id. at 483.

5. In this matter Plaintiff asks for benefits. In his complaint, he requests "entry of a judgment". Complaint, filed October 20, 1998. In his briefs, Plaintiff requests "[R]eversal and award of benefits", "reversal for award of benefits" and a "remand...for the sole purpose of calculation of benefits." Plaintiff's Opposition to Opposed Motion to Remand, filed May 5, 1999; Motion for Default Judgment or Judgment under 42 U.S.C. 405(g) filed June 1, 1999; and Supplemental Motion and Affidavit in Support of Judgment Under 42 U.S.C. 405(g)or Rule 55, Federal Rules of Civil Procedure. Thus, it is clear that Plaintiff's claim is for the determination of his benefits. Waiver is thus not permitted in this matter. Heckler v. Ringer, 466 U.S. 602, 614 (1984)(The Court in finding that Plaintiffs' claim was not collateral because "at bottom", Plaintiffs were claiming that they should be paid for their surgery.) As Plaintiff cannot meet the first requirement of waiver his failure to exhaust his administrative remedies is not waivable. This Court does not have

3

subject matter jurisdiction.

6. Plaintiff argues that Defendant waived the exhaustion requirement by its conduct. Defendant may waive by conduct but did not do so in this matter. Mathews v. Diaz, 426 U.S. 67 (1976). Throughout this case, Defendant has always taken the position that this matter should be remanded. See Opposed Motion and Memorandum to Remand, filed May 5, 1999. The Defendant has not taken the position that there has been a "final decision" in this matter. Mathews, 426 U.S. at 77.

7. Plaintiff filed a Supplementary Memorandum on Jurisdiction and attaches the cover page and three pages of an opinion by Judge Campos, Siler v. Health Care Financing Administration, No. Civ. 97-0290 SC/RLP, filed January 22, 1999. However, Plaintiff failed to include the page in which Judge Campos explicitly states "the waiver of exhaustion analysis is inapplicable to this case...neither the doctrine of exhaustion of remedies nor the waiver exception to that doctrine have any relevancy here." Id. at 19. Thus, Siler provides no support for Plaintiff's argument.

8. Plaintiff also alleges jurisdiction under 28 U.S.C. §1361, the Mandamus Act. No writ of mandamus could properly issue in this case. Mandamus is intended to provide a remedy for a Plaintiff only if he has exhausted all other avenues of relief. Kerr v. United States District Court, 426 U.S. 394, 402-403 (1976). Plaintiff in this case has an adequate remedy in §405(g). There are simply no grounds for the extraordinary remedy Plaintiff seeks.

<u>Allied Chemical Corp. v. Daiflon, Inc.</u>, 449 U.S. 33 (1980)(per curiam).

9.   Because of the recommendation described above, other motions filed by the parties will not be addressed.

**Recommended Disposition**

For these reasons, I recommend that Defendant's Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed without prejudice.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**